# Parry and Jones v. Lackawanna Grange Produce Association et al., Appellants.

*Partnership—Accounting—Receivers—Decree—Act of June 16, 1836, P. L. 789.*

In a suit in equity for an accounting and for the appointment of a receiver of the assets of an insolvent partnership association, a decree appointing such receiver is proper, where it appears that the association was insolvent and had not carried on its business for several years.

Argued March 4, 1919.   Appeal, No. 26, March T., 1919, by defendants, from decree of C. P. Lackawanna Co., in equity, Oct. T., 1913, No. 13, in case between Elwood Parry and William M. Jones and Lackawanna Grange Produce Association et al.   Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.   Modified.

Bill in equity by alleged creditors of an unincorporated association, and members thereof, asking for a receiver and an assessment to pay the indebtedness alleged to be due the plaintiffs.   Before O'NEILL, J.

The court entered a decree as quoted in the opinion of the Superior Court.

*Error assigned,* among others, was the decree of the court.

*A. A. Vosburg,* and with him *John R. Wilson,* for appellants.

*George Morrow,* and with him *William Leach,* for appellees.

OPINION BY WILLIAMS, J., July 17, 1919:

Respondents appeal from the following decree "that the Lackawanna Grange Produce Association is insolvent

and Everett S. Ross, Esq., is appointed receiver to wind up the affairs of the association with authority to assess upon and collect from each and every of the members named in the bill the sum of fifty ($50) dollars in order to raise a fund out of which to pay the claims of the plaintiffs together with the cost incident to the action......."

Appellees seek only to sustain so much of this decree as relates to the appointment of the receiver to wind up the affairs of the association, and, to that extent, the decree is a proper exercise of the power given by the Act of June 16, 1836, P. L. 789; the association is insolvent and has not carried on its business for several years.

The findings and evidence clearly show that plaintiffs are members of defendant organization, and, therefore, have the status of partners with the individual defendants, and not, as stated by the court below in its second conclusion of law "creditors of the association." The liability for the repayment of advances to a partnership by individuals, as between the partners is quite different from the liability of the separate partners to make good to "creditors of the association," who are not partners, both in regard to priority and the nature of the liability: see Rush, etc., Co. v. Hillis, 3 Pa. Superior Ct. 527. The right of a partner here is to contribution from his copartners in proportion to the amount in which they were to share in the profits, while the right of a creditor is to payment of his claim irrespective of how the money is raised. We need but refer to "An Act Relating to and regulating partnerships," approved March 26, 1915, P. L. 18, which follows, in most of its provisions, the general law of partnerships as previously expounded, as a guide in working out the relative rights and duties of the parties to this suit.

The appeal is sustained and the record remitted to the court below with direction to modify the decree in accordance with the views expressed in this opinion.