## Parry et al. *v.* Wilson et al., Appellants.

*Partnerships—Unincorporated associations—Insolvency—Assessment of members.*

The court of common pleas has jurisdiction to make an assessment on each share of the stock of an insolvent, unincorporated association, upon the recommendation of the receiver thereof.

Argued March 7, 1922. Appeal, No. 7, March T., 1922. by defendants, from decree of C. P. Lackawanna Co., sitting in equity, No. 13, Oct. T., 1913, making an assess-

ment on the recommendation of a receiver in the case of Elwood Parry et al. v. John E. Wilson et al.  Before Or-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Bill in equity by members of an association or partnership to compel payment by fellow members of debt alleged to be due.  Before NEWCOMB, J.

A decree nisi was entered ordering an assessment of $12.50 against the members of the Lackawanna Grange Produce Association.  On exceptions to the decree the court below filed the following opinion:

In pursuance of a decree of insolvency a receiver was appointed to wind up the affairs of defendant partnership, with authority to assess upon and collect from each and every of the members named in the bill the sum of fifty dollars in order to raise a fund out of which to pay the claims of plaintiffs together with incidental costs.

On appeal the decree was modified so as to limit the assessment to the amount necessary to enforce plaintiffs' right to contribute because they stood in the relation of copartners with defendants in the insolvent enterprise, and not as creditors of the association.

Thereupon the receiver afterwards made formal report of the indebtedness and probable costs of the proceeding, with schedule of shareholders, the number of shares of stock held by each, his estimate of the amount to be assessed per share, in order to produce the fund required, and prayer for an assessment accordingly.

It was so done by decree nisi authorizing judgment to be entered for the respective amounts against each of the stockholders upon failure to make payment within thirty days, the decree to become absolute at the end of ten days unless exceptions should in the meantime be filed.

Such exceptions were filed and thereupon, at the instance of exceptants, the present rule was granted to annul the assessments and set aside the receiver's report.

That was in November, last year.

The exceptions are three in number. The first challenges the proceeding for an alleged want of notice to defendants. This at most raises a question of fact as to which the pleader would have the burden of proof, and there has been no attempt to support it.

The second is an averment that no testimony was taken to show who the stockholders are or the number of shares held by each. As to the identity of the shareholders no testimony was needed. The fact was averred in the bill and admitted in the answer. As to the number of shares which they respectively held, in the absence of anything to call the correctness of the decree in question, it must be presumed to have been well founded. If erroneous it was the privilege of the party or parties affected to have it corrected on proper application. No such application has been made. No defendant has at any time questioned the correctness of the schedules.

The third exception denies the authority of the receiver to make the assessment.

This merely ignores the fact that the assessment was made by order of court, and not by the receiver.

That the court has such authority is neither disputed nor disputable. The exceptions are believed to be dilatory. It is high time the litigation should be concluded.

The exceptions are dismissed, the rule to show cause discharged, and the decree in question made absolute.

*Errors assigned* were in confirming the report of the receiver, sustaining the assessments against each appellant as a stockholder, of $12.50 for each share of stock, and the decree of the court.

*A. A. Vosburg,* and with him *John R. Wilson,* for appellant.

*Will Leach,* of *Wells, Leach and Davis,* for appellee.

OPINION BY TREXLER, J., April 17, 1922:

The parties were members of an unincorporated association known as the Lackawanna Grange Produce Association. The company became insolvent and plaintiffs, having filed a bill, a receiver was appointed. When this case was presented to us in 72 Pa. Superior Ct. 603, we indicated how the relative rights of the parties could be enforced.

The receiver presented a return to court showing, the indebtedness of the association, the cost of administration of the receivership, a list of stockholders and amount of stock subscribed by each member and asked that an assessment of $12.50 be made on each share, that amount being fixed as sufficiently large to liquidate the obligations of the company, any excess to be returned to the contributing shareholders. A decree nisi was entered ordering the assessment. To this decree exceptions were filed. The first exception was that no notice of the assessment had been given prior to the service of the report upon counsel. Second that no testimony had been taken showing who the stockholders were or the amount of stock held. Third that there was no authority in law for the making of the assessment.

There seems to have been no wrong done to these plaintiffs, which needs to be redressed. The absence of notice harmed them nothing for they had their day in court before the decree became final, neither have they produced any testimony supporting the allegation that no notice was given to them. As to the exception that no testimony had been taken to the number and holdings of the members, the receiver, no doubt, had the records of the association and ascertained from them who the members were. The appellants did not challenge the correctness of the statement as presented by the receiver. Moreover the lower court states that the facts were averred in the bill and admitted in the answer and there is nothing before us to impeach this statement. As to the third exception, the authority of the receiver to make assessment,

is not before us.  The court made the assessment, the receiver merely furnished the data, showing what the assessment should be and suggested the amount.  Had any wrong been done to the defendants, they could have had all the matters properly presented to the court by depositions.  They failed to do this.  When the receiver files his final account, the correctness of it is open to attack.  If any excess of money remains, the defendants with the other shareholders will get it.

All of the assignments are overruled, the decree is affirmed, the appellants to pay the costs.